# JOYCE C. LONDON, P.C.
### ATTORNEY AT LAW
### 59 MAIDEN LANE, 6TH FLOOR
### NEW YORK, NY 10038

Tel: 212 964-3700                                                                              Fax: 212 566-7501
Email: jlondonlaw@aol.com

December 1, 2015

**By ECF and By Fax: (212) 805-0426**
Honorable Laura T. Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     United States v Rahjohn Leary.
         S-3 13 Cr. 271 (LTS)

Dear Judge Swain:

          This letter is submitted pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure
seeking a correction of sentence on behalf of defendant Rahjohn Leary.

          On November 19, 2015, Mr. Leary was sentenced *inter alia* to a term of imprisonment of
109 months.  At sentencing the Court adopted the guidelines set forth in the Pre-Sentence Report
(("PSR") without objection by either the government or the defense.  Mr. Leary was determined
to be in criminal history category II.  This criminal history category was based upon Mr. Leary
receiving two criminal history points for two New Jersey state cases in which Mr. Leary had
already entered a guilty plea to aggravated manslaughter and possession of a defaced firearm but
had not yet been sentenced on either charge.  See PSR ¶¶ 83 - 84.

          It was defense counsel's understanding from earlier discussions with the government that
these two New Jersey charges were not deemed relevant conduct with respect to the instant
offense.  Accordingly, no objection was made to the fact that the two New Jersey cases were
each accorded a criminal history point, thus raising Mr. Leary's criminal history category from
category I to category II.  Moreover, the only reference to the New Jersey state cases in the PSR
is in the criminal history section of the PSR.  See PSR ¶¶ 83-84.  The two-level guideline
enhancement pursuant to U.S.S.G. §2D1.1(b)(2) for the use of violence in connection with a
narcotics offense is predicated upon the shooting of a member of the Brick Squad known as
"Kaka".  See PSR ¶ 54.  Similarly, the government's sentencing letter cites the "Kaka" shooting
as a sentencing factor under the nature and seriousness of the offense.  See Gov't Sent Ltr at 3-4.
While the government also references the New Jersey manslaughter case, it does so specifically
under the rubric of the history and characteristics of the defendant, thus separating it from the
offense conduct. See Gov't. Sent. ltr. at 4

          Notwithstanding the government's original position that these two New Jersey cases

Honorable Laura T. Swain                                    December 1, 2015

were not relevant conduct, the government submitted a victim impact letter for the Court's consideration  from the family of the manslaughter victim in the New Jersey state case shortly before Mr. Leary's actual sentencing.[1] This letter related solely to the pending New Jersey manslaughter case.  By presenting this victim impact letter for the Court's consideration at sentencing, the government reversed its former position with respect to the New Jersey cases being relevant conduct without notice to the defense.  Furthermore, in stating the reasons for imposing the sentence given to Mr. Leary, the Court emphasized, in particular, the conduct underscoring the two New Jersey cases as a justification for the sentence to be imposed and acknowledged the suffering of th victim's family who were present in the courtroom.

       In light of the fact that the government presented the victim impact letter as relevant to sentencing in this matter and in light of the fact that the Court relied significantly on the conduct to which Mr. Leary pled guilty in the two state cases, it is submitted that both the government and the Court have deemed the New Jersey state cases to be relevant conduct in the instant offense.  Moreover, the Court made scant mention of the actual narcotic offense for which Mr. Leary was being sentenced in federal court, but rather focused on the two pending New Jersey cases.

       Pursuant to both the Plea Agreement and the PSR, Mr. Leary had a total offense level of 29 and was in criminal history category II.  This correlated with a guideline sentencing range of 97 - 121 months.  Mr. Leary was sentenced to a term of imprisonment of 109 months - the middle of the recommended guideline sentencing range.  However, if Mr. Leary's sentence is corrected to reflect the relevant conduct, a total offense level of 29 together with criminal history category I correlates with a guideline sentencing range of 87 - 108 months (a sentencing range which is lower than the actual sentence imposed upon Mr. Leary).  A sentence in the middle of this corrected range would be 96 months.

       Additionally, since Mr. Leary spent 22 months in state custody on the relevant New Jersey conduct, it is further requested that the Court adjust the corrected sentence to be imposed or, in the alternative, adjust the sentence already imposed  by 22 months pursuant to U.S.S.G. § 5G1.3(a)(1).  Since the time Mr. Leary spent in state custody was before his federal arrest in this matter, these 22 months of state pre-trial detention will not be credited to his federal sentence by the Bureau of Prisons.

---

       [1]       Defense counsel first learned of and read this letter immediately prior to the sentencing proceeding.

**Honorable Laura T. Swain**                                    **December 1, 2015**

      Accordingly, it is respectfully requested that the Court correct Mr. Leary's sentence to reflect the lower criminal history category and to accord him credit for the 22 months he spent in state custody on conduct which represents relevant conduct in this matter.

                                Respectfully submitted,

                                     /s/

                                Joyce C. London

cc,:    AUSA Justina Geraci (BY ECF and By Email)
       A. James Bell, Esq. (By ECF and By Email)
       Mr. Rahjohn Leary