UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                       No. 13-CR-271-LTS

RAHJOHN LEARY,                                                           ORDER

        Defendant.

-------------------------------------------------------x

The Court has received Defendant Rahjohn Leary's pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and for the appointment of counsel in connection with that motion. (Docket entry no. 1146.)

Section 3582(c)(1)(A) provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-36). Section 3582(c)(1)(A)'s exhaustion requirement reflects Congress's "unambiguous[ ] intent that the BOP have the opportunity and obligation, in the first instance, to decide whether to move for compassionate release and reduced sentences for eligible inmates," in part because "prison administrators are well-positioned to 'prioritize the most urgent claims' and 'investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist.'" United States v. Chappell, No. 16-CR-512 (LTS), 2020 WL 3415229, at *3 (S.D.N.Y. June 22, 2020) (quoting United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020)).

Mr. Leary has submitted no evidence of having fully exhausted his administrative rights by seeking compassionate release from the warden of his facility prior to seeking it from the Court.  Because Mr. Leary has not exhausted his administrative requirements as required under 18 U.S.C. section 3582(c)(1)(A), his motion seeking compassionate release pursuant to that section is denied without prejudice to renewal upon a showing of exhaustion by Mr. Leary.  Mr. Leary's renewed motion, if any, should include evidence of exhaustion, as well as further information about the "medical conditions" (<u>see</u> docket entry no. 1146) he relies on in support of his claim that extraordinary and compelling reasons warrant a reduction in his sentence.[1]

An Order on Motion for Sentence Reduction Under 18 U.S.C. section 3582(c)(1)(A) will also be entered.  Chambers will mail copies of this Order and the Order on Motion for Sentence Reduction to Mr. Leary.

This Order resolves Docket Entry No. 1146.

SO ORDERED.

Dated: New York, New York
August 13, 2021

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copy mailed to:**
Rahjohn Leary
Reg. No. 69936-054
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525

---

[1] Mr. Leary's application for the appointment of counsel is also denied without prejudice to renewal after exhaustion and the provision to the Court of further information as to the basis of Mr. Leary's motion.